UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DAVID BETHEA, ) | Civil Action No.: 4:07-2257-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| U.S DEPARTMENT OF LABOR and ) | |
| BLANCHARD & JOHNSON ) | |
| TRANSPORTATION, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.     INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this action alleging Defendant Blanchard & Johnson Transportation (Blanchard & Johnson) terminated his employment because he complained about wages and safety and Defendant U.S. Department of Labor (DOL) failed to compel Blanchard & Johnson to turn over pay records. Presently before the Court are DOL's Motion to Dismiss (Document # 32) and Plaintiff's Motion for Summary Judgment (Document # 39). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the Motion to Dismiss could result in dismissal of his Complaint. Plaintiff timely filed his Response (Document # 36), to which the DOL replied (Document # 41).

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC. Because the pending motions are dispositive, this Report and Recommendation is entered for review by the District Judge.

**II.    DOL'S MOTION TO DISMISS**

    **A.    Allegations in Complaint**

As noted above, Plaintiff alleges that he was terminated by Blanchard & Johnson for complaining about wages and safety. He filed a complaint with the DOL and it failed to compel Blanchard & Johnson to turn over pay records. Plaintiff asks the court to order DOL to "supervise the Fair Labor Standard (Act) (sic) as its (sic) applies to this Complaint." Complaint at 5.

    **B.    Standard of Review**

Plaintiff is a pro se litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. at 9. Even under this less stringent standard, however, the pro se Complaint is still subject to dismissal. Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

The DOL moves to dismiss pursuant to Rule 12(b)(1), Fed.R.Civ.P. It argues that Plaintiff's claim is not cognizable under either the Fair Labor Standards Act (FLSA), the Federal Tort Claims Act (FTCA) or Mandamus. When a Rule 12(b)(1) motion is raised as to the factual basis for subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 766 (4th Cir.1991). When evaluating a

challenge to jurisdiction under Rule 12(b)(1) the court can go beyond the face of the complaint and consider evidence without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982); see also Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768. It is well-established that parties must exhaust prescribed administrative remedies before the federal courts have jurisdiction over the issues raised. See McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992); Guerra v. Scruggs, 942 F.2d 270, 276 (4th Cir.1991).

    **C.**    **Discussion**

        1.    Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et. seq.

The FLSA provides a private right of action for an employee against an employer for violations of its provisions. 29 U.S.C. § 216(b). Such an action "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Id. Plaintiff does not have a right of action against the DOL. Furthermore, the Administrator of the Wage and Hour Division of the DOL has discretion whether and how to conduct an investigation into a complaint of possible FLSA violations. See 29 U.S.C. § 211(a). Thus, the DOL was not in violation of the FLSA for failing to request pay records as alleged by Plaintiff.

        2.    Federal Tort Claims Act, 28 U.S.C. § 2671, et. seq.

To the extent Plaintiff is asserting a claim against the DOL under the FTCA, such a claim must fail. The FTCA allows claims only for monetary damages, not equitable relief as sought by Plaintiff against the DOL. See 28 U.S.C. § 1346(b)(1). Furthermore, "Congress's chief intent in

drafting the FTCA was simply to provide redress for ordinary torts recognized by state law." Howell v. United States, 932 F.2d 915, 917 (11th Cir. 1991). It was not "intended as a means to enforce federal statutory duties." Id. Plaintiff's action against the DOL can be read as an attempt to enforce the DOL to comply with alleged federal statutory duties under the FLSA. Thus, Plaintiff has no cognizable claim under the FTCA.

        3.      Mandamus

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. For the court to issue a writ of mandamus, a plaintiff must establish three requirements: 1) that he lacks another adequate remedy, 2) that the defendant owes him a clear duty to act, and 3) that he has a clear and indisputable right to the relief sought. Mallard v. U.S. District Court for the Southern District of Iowa, 490 U.S. 296, 309 (1989). As noted above, the manner in which the DOL performs an investigation into a complaint is discretionary. Therefore, the DOL does not owe Plaintiff a clear duty to act and Plaintiff does not have a clear and indisputable right to the relief sought. Accordingly, a writ of mandamus is unavailable in this action.

**D.     Conclusion**

For the reasons discussed above, the DOL's Motion to Dismiss should be granted.

**III.    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff moves for summary judgment against Blanchard & Johnson for its failure to file an answer or otherwise respond to his Complaint. A motion for summary judgment is not the appropriate vehicle to obtain the relief sought by Plaintiff. Plaintiff's Motion for Summary Judgment should be denied.

**IV.    CONCLUSION**

In light of the above analysis, it is recommended that the DOL's Motion to Dismiss (Document # 32) be granted and Plaintiff's Motion for Summary Judgment (Document # 39) be denied.  The court should give Plaintiff fifteen days to file a response establishing how this court has subject matter jurisdiction over his claim and personal jurisdiction over the remaining Defendant, Blanchard & Johnson Transportation.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

July 31, 2008  
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**