IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| David Bethea, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | C/A NO.  4:07-2257-RBH |
| | ) | |
| vs. | ) | |
| | ) | |
| U.S. Department of Labor and | ) | **ORDER** |
| Blanchard & Johnson | ) | |
| Transportation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff filed this action on July 17, 2007.  The Complaint purports to allege federal causes of action under the Fair Labor Standards Act (FLSA), Federal Tort Claims Act (FTCA), and mandamus.  Defendant United States Department of Labor filed a Motion to Dismiss on the basis of Fed. R. Civ. P. 12(b)(1) on December 6, 2007.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g).  In his Report, Magistrate Judge Rogers recommends that the defendant's motion to dismiss be granted. Defendant filed timely objections to the Report.

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made.

1

> However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## Facts

The plaintiff alleges in his Complaint that he was terminated from his employment with defendant Blanchard & Johnson because he complained about wages and safety. He further alleges that he filed a complaint with the Department of Labor and that the Department "failed to compel the company to turn over pay records." He seeks an order requiring the Department of Labor to comply with the FLSA and an order requiring reinstatement, back pay, and punitive damages from defendant Blanchard & Johnson.

## Analysis

The defendant Department of Labor moves to dismiss the Complaint on the basis of lack of federal question jurisdiction as to each of the plaintiff's claims. The Magistrate Judge in his Report and Recommendation recommends granting the motion to dismiss and denying the plaintiff's motion for summary judgment regarding Blanchard & Johnson.

In his objections, Plaintiff alleges generally that the court has jurisdiction over his claims and that the Department failed to enforce its agreement with Blanchard & Johnson. Without specific objection to the Magistrate Judge's reasoning, the court will not discuss the conclusions reached by the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C) (If a party objects, the district court

2

"shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review).

Even if the plaintiff's objections are sufficiently specific for review by this Court, the Court finds that they lack merit for the reasons stated by the Magistrate Judge.

## Conclusion

For the foregoing reasons, the Court adopts the Report and Recommendation of the Magistrate Judge. The defendant U.S. Department of Labor's motion to dismiss is **GRANTED**. Plaintiff's motion for summary judgment is **DENIED**.

In accordance with the recommendation by the Magistrate Judge, the plaintiff is hereby given fifteen days from the date of this order to file any additional response that he wishes to file[1] regarding whether the Court has subject matter jurisdiction over his claim and personal jurisdiction over the remaining defendant, Blanchard & Johnson. Plaintiff's [30] motion to consolidate and [37] motion for contempt are denied. The case is recommitted to the Magistrate Judge for further proceedings.

---

[1] Plaintiff filed Docket Entry #57 on August 15, 2008 which appears to be a response regarding defendant Blanchard & Johnson.

3

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

August 25,  2008
Florence, South Carolina