UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DAVID BETHEA, | ) | Civil Action No.: 4:07-2257-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| U.S DEPARTMENT OF LABOR and | ) | |
| BLANCHARD & JOHNSON | ) | |
| TRANSPORTATION, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.      INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action alleging Defendant Blanchard & Johnson Transportation (Blanchard & Johnson) terminated his employment because he complained about wages and safety and Defendant U.S. Department of Labor (DOL) failed to compel Blanchard & Johnson to turn over pay records.  On August 25, 2008, the district judge entered an Order (Document # 58) accepting the recommendation that the DOL's motion to dismiss be granted and Plaintiff's motion for summary judgment be denied.  The district judge also allowed Plaintiff fifteen days from the date of the Order to file a response regarding whether the court had subject matter jurisdiction over his claim asserted against Blanchard & Johnson or if it had personal jurisdiction over Blanchard & Johnson.

Plaintiff filed a Response (Document # 63) on September 9, 2008, in which he stated,

> This court has jurisdiction over this case the DOL investigated this case made a dicision [sic] and an agreement with other defendant, Blanchard & Johnson Transportation Both defendants fail to comply with dicision [sic] and agreement Blanchard & Johnson Transportation failed to answer.  The court should grant

summary judgment and order DOL to comply with Its dicision [sic] and agreement between Blanchard & Johnson Transportation.

## II.   DISCUSSION

Plaintiff's Response provides no guidance regarding this Court's jurisdiction. In his Complaint, Plaintiff alleges that Blanchard & Johnson terminated his employment because he complained about wages and safety. In additional attachments (Document # 8) to the Complaint, Plaintiff includes a letter from the DOL in which the DOL indicates that Plaintiff may not have been paid by Blanchard & Johnson as required by the law. Thus, under the liberal construction afforded to pro se pleadings, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th Cir. 1978), Plaintiff's claim presumably falls under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et. seq. As such, this court has subject matter jurisdiction over this claim.

However, all documents submitted by Plaintiff list a North Carolina address for Blanchard & Johnson. A review of Plaintiff's Complaint and his Response to the court's inquiry regarding personal jurisdiction reveals no basis for this court to exercise personal jurisdiction over Blanchard & Johnson. Personal jurisdiction arises out of "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). To subject a non-resident defendant to a binding judgment based on out-of state service, due process requires that the defendant have "minimum contacts" with the forum state of such a character that the maintenance of the suit would not offend "traditional notions of fair play and substantial justice." See

<u>International Shoe Co. v. State of Washington</u>, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Even with a liberal reading of Plaintiff's Complaint and his Response regarding personal jurisdiction, there are no allegations that Blanchard & Johnson conducted any activities within South Carolina or that it had minimum contacts with South Carolina. Thus, this Court lacks personal jurisdiction and is not the proper forum for adjudicating Plaintiff's claims against Blanchard & Johnson.

### III.     CONCLUSION

For the reasons stated above, it is recommended that this case be dismissed without prejudice.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

June 4, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**

-3-