UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| David Bethea, | Civil Action No.: 4:07-2257-RBH |
| Plaintiff, | |
| v. | **O R D E R** |
| Blanchard & Johnson Transportation, | |
| Defendant. | |

This is an action by the plaintiff, David Bethea, *pro se*, against Defendant Blanchard and Johnson Transportation.[1] The Complaint alleges that the defendant terminated Plaintiff's employment "because I complained about wages owed and safety." (Docket Entry # 1, p. 4).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in cases involving a *pro se* party are referred to a United States Magistrate Judge for consideration. This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(g).

In his Report, Magistrate Judge Rogers carefully considers the issues and recommends that the case be dismissed without prejudice on the basis of lack of personal jurisdiction. Plaintiff filed timely objections to the Report, and the matter is now before the Court for review.

---

[1] A co-defendant, United States Department of Labor, was dismissed on August 25, 2008 on the basis of lack of subject matter jurisdiction [Docket Entry # 58].

1

**Standard of Review**

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed . . . While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

**Discussion**

In the Magistrate Judge's first Report and Recommendation entered on July 31, 2008 (Docket Entry #51) which recommended dismissal of the Department of Labor, he recommended that the Court give Plaintiff fifteen days to file a response establishing how this court has subject matter jurisdiction and personal jurisdiction over the remaining defendant, Blanchard and Johnson Transportation. Apparently failing to understand that the Report and Recommendation was not a final order, Plaintiff filed Docket Entry #57 on August 15, 2008. In this document, Plaintiff asserts that his claim was brought under the Fair Labor Standards Act (FLSA), Federal Tort Claims Act, and Mandamus. Plaintiff also asserts that Defendant Blanchard and Johnson failed to address his claim and failed to respond to the "DOL decision." It indicates on the Certificate of Service that the document was mailed to the defendant at Post Office Box 478; Kenansville, NC 28349. Various documents were attached, including a portion of an appeal decision by the Arkansas Appeal Council on a claim for unemployment benefits which lists the employer as Blanchard Transportation of Minnesota, a driver's daily log showing a route

from St. Louis, Illinois to Hartsville, North Carolina, a letter from TLC Companies of Indiana advising Plaintiff that he was "no longer leased to Blanchard Trans., which means you are no longer an employee of The TLC Companies", and a Consumer Complaint form to the North Carolina Attorney General's Office which listed Blanchard and Johnson at Post Office Box 478, Kenansville, NC 28349.

This Court subsequently adopted the Report and Recommendation and entered an order on August 25, 2008 which dismissed the United States Department of Labor. The case was recommitted to the Magistrate Judge and the plaintiff was given fifteen days from the date of the order to "file any additional response that he wishes to file regarding whether the Court has subject matter jurisdiction over this claim and personal jurisdiction over the remaining defendant, Blanchard and Johnson. Plaintiff then filed Docket Entry # 63 on September 9, 2008. In that document, he contended that the court has "jurisdiction over this case the DOL investigated this case (sic) made a decision and an agreement with other Defendant, Blanchard & Johnson Transportation (sic) both defendant's (sic) fail to comply with the dicision (sic) and agreement Blanchard & Johnson Transportation failed to answer." The Certificate of Service indicates that the document was mailed to Blanchard & Johnson Transportation at Post Office Box 478, Kenansville, North Carolina 28349.

The Magistrate Judge then entered his second Report and Recommendation (Docket Entry #66), in which he finds that the plaintiff's response "provides no guidance regarding this Court's jurisdiction." However, he read the response broadly to allege an FLSA claim, thus providing subject matter jurisdiction. He nevertheless found that "a review of Plaintiff's Complaint and his Response to the court's inquiry regarding personal jurisdiction reveals no basis for this court to exercise personal jurisdiction over Blanchard & Johnson." He accordingly recommends dismissal of Blanchard & Johnson Transportation on the basis of lack of personal jurisdiction. The Plaintiff then filed objections to the Report in Docket Entry #68 and for the first time submitted documentation to support his claim

3

of personal jurisdiction which mentions a Hartsville, South Carolina address. These documents are not only untimely in that they were submitted after the Report and Recommendation was issued but also are of no help to the plaintiff. In his objections, Plaintiff states that the defendant had a transportation garage and that he obtained truck service in Hartsville, South Carolina and attaches documentation in support. However, the documentation lists Blanchard Transportation Services, Inc. and not Blanchard and Johnson Transportation. The only document that mentions a South Carolina address is a letter requesting a drug screen. However, that document is on the letterhead of "Blanchard Transportation Services, Inc.", which is not a named defendant in this lawsuit. Therefore, it does not support a finding of personal jurisdiction over "Blanchard and Johnson Transportation", which is the named defendant in this case. The Court also notes that in one of the plaintiff's filings he refers to Transport Leasing Contract, Inc. and Blanchard and Johnson interchangeably, but Transport is not even a party.[2]

## **Conclusion**

The Court finds that it lacks personal jurisdiction over defendant Blanchard and Johnson Transportation and accordingly dismisses the case without prejudice.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

December 23, 2009
Florence, South Carolina

---

[2] A review of the Secretary of State's website indicates no listing for Blanchard and Johnson Transportation but does list TLC, but they are not a party to the lawsuit.

4